UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LESLIE McDERMOTT**<br>**Plaintiff,**<br><br>v.<br><br>**GREAT LAKES DREDGE AND DOCK CO.**<br>**Defendant.** | CIVIL ACTION<br><br>NO. 17-cv-4511 (MAK) |

**REPORT OF RULE 26(f) MEETING**

Counsel for the parties conferred on January 31, 2018, in accordance with the requirements of Federal Rule of Civil Procedure 26(f), this Court's January 18, 2018, Order and this Court's Policies, and now submit the following report of their meeting for the Court's consideration at the initial pretrial conference scheduled for February 7, 2018:

Plaintiff, Leslie McDermott, is represented by Gregory G. Paul, Esquire, and Reed Morgan, Esquire, of Morgan & Paul, PLLC. Defendant Great Lakes Dredge and Dock Co., LLC, is represented by Frank P. DeGiulio, Esquire, and Charles P. Neely, Esquire, of Palmer Biezup & Henderson LLP.

1. **Discussion of Specific Claims, Defenses and Relevant Issues**

    A. **Plaintiff's allegations:**

Plaintiff alleges that on or about October 29, 2016, he sustained an injury to his left knee while working as a seaman on the Fuel Barge 1003 and reported the injury the following day. Plaintiff claims that the Defendant was negligent, and the vessel and its appurtenances were unseaworthy. He claims the vessel was undermanned, and the winch needed to do this work was broken, and had been for some time before his injury. This defective winch caused him to be

subjected to very high lifting and pulling stresses in the line of duty. The foregoing were the legal cause of the injury and resulting damages. As a consequence of the injury, plaintiff underwent surgery on December 6, 2016, and missed one year of work. Since that time, he has returned to seaman work, and his knee continues to cause pain, swelling and he has been advised to discontinue his line of work by his treating doctor. He is currently losing wages due to the injury

**B.     Defendant's allegations:**

The Plaintiff did not inform the Defendant about any alleged injury on the day on which the injury allegedly occurred, and an issue exists as to whether any injury occurred while the Plaintiff was acting within the scope of his employment. Defendant denies any liability and contends that any injuries suffered by Plaintiff, and any alleged resulting damages, were caused solely by Plaintiff's own negligence and/or were the result of a pre-existing condition. Under both the Jones Act and under the general maritime law of unseaworthiness, there is no presumption of liability merely because an injury allegedly occurs while an employee may be in the course of his employment and, in any event, the Plaintiff has no cause of action against the Defendant based on alleged unseaworthiness in this case. Defendant breached no duty owed to Plaintiff and Defendant denies that the Plaintiff's alleged injuries were causally related to any negligence by the Defendant or any alleged unseaworthy condition of the vessel.

The Plaintiff's claims for maintenance and cure and lost wages are barred in whole or in part by the doctrine of accord and satisfaction because the Defendant paid the Plaintiff maintenance and cure, wages and medical expenses from the time of the alleged accident until Plaintiff was cleared by his physicians to return to work with no restrictions in June 2017, all on a without prejudice basis.

### C. Issues on which parties will need to conduct discovery:

The parties anticipate that discovery will be needed on the following subjects:

1. The manner in which the alleged accident occurred.

2. The cause of the alleged accident.

3. The condition of the Barge 1003 and its equipment, including Safety Manuals pertaining to the barge and its operations, the ISO documents in effect and any post-injury compliance reporting.

4. The purchase, alleged problems with a winch on the Barge 1003, repair of the winch and replacement of the winch.

5. The medical treatment received by Plaintiff.

6. The appropriateness of the damages claimed by Plaintiff.

7. Calculation of damages claimed by Plaintiff.

## 2. Stipulated Facts

1. Plaintiff was employed by the Defendant at the time of the alleged accident;

2. Plaintiff reported his alleged injury the day following the day of the alleged injury;

3. Plaintiff underwent medical treatment and knee surgery for torn menisci;

4. Plaintiff was a Jones Act seaman on the day of the alleged accident;

5. Plaintiff was a licensed tankerman on the day of the alleged accident;

6. Defendant paid Plaintiff maintenance and cure following the alleged injury;

7. Defendant advanced Plaintiff wages following the alleged injury on a without prejudice basis;

8. Plaintiff no longer works for Defendant.

3

3.  **Informal Disclosures**

    The Plaintiff served his Rule 26(a) disclosures on January 25, 2018.

    The Defendant served its Rule 26(a) disclosures on January 26, 2018.

4.  **Additional disclosures [in patent non-ANDA cases only].**

    This is not a patent non-ADNA case.

5.  **Formal Discovery**

    The Plaintiff served Interrogatories, Requests for Admission and Requests for Production of Documents directed to the Defendant on January 24, 2018.

    The Defendant served Interrogatories and Request for Production of Documents directed to the Plaintiff on January 25, 2018.

    This is an admiralty and maritime case which involves an alleged injury to a seaman on a barge working off the east coast of the United States in October 2016. Fact discovery will require the depositions of seamen and others employed in the maritime industry, many of whom are employed on vessels offshore for weeks at a time. The Defendant's principle place of business is in Illinois and a number of its employees employed there are expected to have information relevant to the case. Further, Plaintiff was treated for his alleged injuries in Pittsburgh, where he resides, and his treating physicians are located there and in New Jersey. Accordingly, while the parties expect to proceed with discovery in a reasonable sequence, but not in distinct phases, they believe that there is a compelling reason to extend discovery beyond the Court's 90 day deadline and, instead, request 150 days to complete fact discovery.

6.  **Electronic Discovery**

    The parties do not anticipate any electronic discovery issues. The parties have agreed to produce any electronic information, in hard copy, if discoverable.

7.  **Expert Witness Disclosures**

The parties believe that multiple experts will be required to be utilized for both liability and damages and that depositions of the experts will be conducted before trial. The parties agree to exchange expert reports simultaneously and that witness rebuttal reports will be exchanged within 30 days after exchange of expert reports. Given the nature of this admiralty case the parties request that the deadline to produce expert reports be set for a date no less than 30 days after the completion of factual discovery.

8.  **Settlement or Resolution**

The parties agree that a Mediation with a Magistrate Judge following the conclusion of factual discovery and before the deadline for expert witness reports may assist in resolving this case. The parties will also discuss the possibility of private mediation.

9.  **Trial**

    A.  **Plaintiff's current attachments are as follows.**

    Pre-trial conference in Houston on May 29, 2018
    Trial from June 11, 2018, through June 15, 2018, in Houston
    Counsel Reed Morgan has a pre-paid vacation from June 18, 2018, through June 25, 2018
    Trial from June 25, 2018 through June 29, 2018, in San Antonio, Texas
    Counsel Greg Paul has a pre-paid vacation from July 30, 2018 through August 3, 2018

    B.  **Defendant's conflicts are as follows.**

    Counsel have pre-paid vacations planned in August, 2018.

10. **Referral to Magistrate Judge**

The parties do not agree at this time to the referral of this matter to a Magistrate Judge for trial.

**11.    Other Matters**

None known at this time.

                            Respectfully submitted,

                            By: /s/ Gregory Paul
                                  Gregory Paul, Esquire
                                  Reed Morgan, Esquire
                                  Counsel for Plaintiff

                            By: /s/ Frank P. DeGiulio
                                  Frank P. DeGiulio, Esquire
                                  Counsel for Defendant

Dated: February 2, 2018