UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LESLIE MCDERMOTT** : | |
| : | CIVIL ACTION |
| vs. : | |
| : | NO. 17-cv-4511 (MAK) |
| **GREAT LAKES DREDGE AND DOCK CO.** : | |

## MOTION FOR PARTIAL SUMMARY JUDGMENT
## OF DEFENDANT GREAT LAKES DREDGE AND DOCK CO

Defendant, Great Lakes Dredge and Dock Co., LLC, (hereinafter "Defendant" or "GLDD"), by and through its undersigned attorneys, Palmer Biezup & Henderson LLP, respectfully moves this Honorable Court pursuant to Rule 56 of the Federal Rules of Civil Procedure for Partial Summary Judgment in its favor to dismiss the Third Cause of Action of the Complaint seeking Maintenance and Cure.[1]

The Plaintiff Leslie McDermott alleges that he injured his left knee on October 29, 2016, while he was working as a seaman on board Defendant's Fuel Barge 1003 in Elizabeth, New Jersey. As detailed in the accompanying Statement of Undisputed Material Facts, Appendix and Supporting Brief, GLDD submits that the following undisputed facts require the entry of summary judgment in its favor and dismissal of the Complaint's Third Cause of Action: (a) the Plaintiff has been paid the total amount of all maintenance payments to which he was entitled following his alleged injury by GLDD; (b) all of the Plaintiff's medical bills allegedly related to the incident of October 29, 2016, have been paid in full by GLDD; (c) the Plaintiff was found to have reached

---

[1] The concept of a seaman's right to Maintenance and Cure has been defined as follows: "Maintenance and Cure – a right given by the general maritime law in consequence of the seaman's status resulting from any shipping contract between the seaman and the master or the vessel – gives to the seaman, ill or injured in the service of the ship without willful misbehavior n his part, wages to the end of the voyage and subsistence, lodging, and medical care to the point where the maximum cure obtainable has been reached." Robert Force & Martin J. Norris, The Law of Seamen § 26:1 (5th Ed. 2003).

PBH539471.1

maximum medical improvement ("cure") no later than May 31, 2017, and; (d) the need for any future medical treatment is purely speculative and in any event relates solely to his documented pre-existing osteoarthritis, for which he is not entitled to recover from GLDD.

WHEREFORE, Defendant GLDD respectfully requests that this Honorable Court dismiss the Third Cause of Action of the Complaint, with prejudice, as a matter of law, and extinguish Plaintiff's right to Maintenance and Cure.

                                **PALMER BIEZUP & HENDERSON LLP**

                                By:   /s/ Frank P. DeGiulio
                                        Frank P. DeGiulio (ID 41577)
                                        Charles P. Neely (ID 69981)
                                        190 N. Independence Mall West
                                        Suite 401
                                        Philadelphia, PA 19106
                                        (215) 625 9900

                                        Attorneys for Defendant
                                        Great Lakes Dredge and
                                        Dock Co, LLC

Dated: <u>August 20, 2018</u>

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Partial Summary Judgment, Brief, Appendix and Statement of Undisputed Material Facts, was served on August 20, 2018, via ECF and United States Mail, postage Prepaid, upon the following counsel:

S. Reed Morgan, Esquire
Gregory G. Paul, Esquire
The Carlson Law Firm, P.C.
100 E. Central Texas Expressway
Killeen, TX 76541

PALMER BIEZUP & HENDERSON LLP

By:   /s/ Frank P. DeGiulio
       Frank P. DeGiulio (ID 41577)