UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LESLIE MCDERMOTT** : | |
| : | CIVIL ACTION |
| vs. : | |
| : | NO. 17-cv-4511 (MAK) |
| **GREAT LAKES DREDGE AND DOCK CO.** : | |

STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF THE MOTION FOR PARTIAL SUMMARY
JUDGMENT OF DEFENDANT GREAT LAKES DREDGE AND DOCK CO.

Defendant, Great Lakes Dredge and Dock Co., LLC, (hereinafter "Defendant" or "GLDD"), by and through its undersigned attorneys, Palmer Biezup & Henderson LLP, submits this Statement of Undisputed Material Facts in Support of its Motion for Partial Summary Judgment in its favor pursuant to Rule 56 of the Federal Rules of Civil Procedure to dismiss the Third Cause of Action of the Complaint seeking Maintenance and Cure.

1. On October 30, 2016, Plaintiff reported an injury to his left knee that he alleged occurred on October 29, 2016, while he was working on Defendant's Fuel Barge 1003. (Appx. Appx. 001-3; Appx. 217, L. 21-23 (Deposition of L. McDermott).[1]

2. On October 30, 2016, GLDD transported the Plaintiff to an Urgent Care Now facility, where he arrived at 9:20 a.m. After examination at Urgent Care, Plaintiff was returned to work with restrictions on climbing and kneeling, and a follow-up appointment was scheduled. (Appx. 004-005, 007-008).

3. On November 2, 2016, Plaintiff was again examined at Urgent Care Now. After this examination, Plaintiff was again returned to work with restrictions on climbing and kneeling, a follow-up appointment was scheduled and an MRI was ordered. (Appx. 012-013, 016-018).

---

[1] Note, in compliance with federal rules, all identifying information has been redacted from the documents produced with the Appendix.

4. On November 8, 2016, Plaintiff underwent an MRI of his left knee at Health Village Imaging. (Appx. 019).

5. On November 10, 2016, Plaintiff was examined at Urgent Care Now and was found to be fit only for "Sedentary Duty". (Appx. 022).

6. Plaintiff was paid his full wages until November 10, 2016, when his active service was terminated because he was limited to sedentary duty. (Appx. 030-036).

7. Plaintiff returned to his home in Pittsburgh, Pennsylvania, where he was examined by orthopedic surgeon Dr. Darren Frank on November 18, 2016, who completed a Work Capabilities Report stating that Plaintiff was to remain on no work status. (Appx. 037-043).

8. On December 6, 2016, Dr. Frank performed outpatient arthroscopic surgery and completed a partial resection of the medial and lateral menisci in the Plaintiff's left knee to address tears in both menisci. (Appx. 044-045).

9. Following surgery, Plaintiff continued to be treated by Dr. Darren Frank and underwent physical rehabilitation with various providers. (See Appx. 046 for list of treatment).

10. On May 15, 2017, Plaintiff underwent a Functional Capacity Evaluation performed by NovaCare, which demonstrated that Plaintiff could perform the job functions required by his former position with GLDD with the "abilities to function within the Heavy Physical Demand Category, according to the U.S. Department of Labor, on a full-time basis for an 8-hour work day." (Appx. 047).

11. On May 31, 2017, Plaintiff was reexamined by his treating orthopedic surgeon, Dr. Darren Frank, who issued a Work Capabilities Report stating that Plaintiff was fit for duty as of May 31, 2017, and could return to full duty with no restrictions in the Heavy Work area as of June 12, 2017. (Appx. 60).

12. Dr. Frank testified that his surgery was successful, that the Plaintiff would not need any future surgery and that the only additional medical treatment that the Plaintiff might require in the future would be for his pre-existing chronic osteoarthritis. (Deposition of Dr. Darren Frank, Appx. 096, L. 14-16; Appx. 135, L. 3 – 13; Appx. 144, L. 5-12; Appx. 146, L. 1-4; Appx. 147, L 6-7; Appx. 149, 5-10; Appx. 156, L. 5-8).

13. On June 22, 2017, as part of a job application to return to work as an Oiler/Engineer for another dredging company named Weeks Marine, Plaintiff underwent a complete physical performed by Anderson/Kelly Associates, Inc. In the medical papers related to this physical, Plaintiff advised that his knee pain was resolved and the examining physician concluded that there were no medical conditions that would place Plaintiff at an increased risk of material impairment, that no limitations were placed on his employment, and that Plaintiff was "physically capable to meet the demands of the position offered with no limitations." (Appx. 170-172).

14. Plaintiff underwent an independent medical examination performed by Dr. Robert Mannherz on May 9, 2018. Dr. Mannherz confirmed Dr. Frank's testimony and opinions that the Plaintiff was fit for duty with no restrictions following completion of physical rehabilitation treatments in May 2017, that the Plaintiff has returned to work in the maritime industry on multiple occasions with multiple employers since that time and that any ongoing complaints or need for care relate solely to his pre-existing mild osteoarthritis. (Appx. 173-181).

15. At the time of the alleged accident of October 29, 2016, Plaintiff was a member of the Local 25 Marine Division, International Union of Operating Engineers ("Local 25"). (Deposition of L. McDermott, Appx. 191, L. 9-10; Appx. 193, P. 43, L. 24 – P. 44, L. 4).

16. As part of the contract between GLDD and Local 25, Plaintiff was entitled to receive Maintenance payments of $35.00 per day to be paid every two weeks until he reached maximum cure.

17. Plaintiff was paid Maintenance of $490 ($35 x 14 days) every two weeks from November 11, 2016, the first day he was declared to be unfit for duty, through June 8, 2017, when he was determined to be fit for duty without restrictions. (Appx. 248-279).

18. During the same period of time, GLDD voluntarily paid advances in the total amount of $42,410 to the Plaintiff to be credited against any settlement or judgment. (Appx. 248-279).

19. GLDD paid $12,140.07 to the various medical providers who treated the Plaintiff covering all charges for medical treatment related to the injury allegedly sustained in the October 29, 2016. (Appx. 046).

20. In his deposition Plaintiff acknowledged receiving payments from GLDD every two weeks and that all of his medical costs were paid by GLDD. (Deposition of L. McDermott, Appx. 217 (P. 139, L. 20 to P. 140 L. 17).

21. GLDD voluntarily paid Plaintiff's health insurance premiums for the months of June 2017, July 2017 and August 2017, after he was determined to be fit for duty without restrictions, in the amount of $1,571 per month. (Appx. 280)

22. On October 10, 2017, Plaintiff filed a lawsuit against GLDD. (Appx 281-291, Complaint, ECF No. 1).

23. The Third Cause of Action of the Complaint seeks recovery of Maintenance and Cure. (Appx 285, Complaint, ECF No. 1).

24. On January 17, 2018, GLDD filed an Answer to the Complaint denying that Plaintiff was entitled to recover any additional Maintenance and Cure because those obligations had been satisfied in full. (Appx. 292-302, Answer, ECF No. 6).

25. Plaintiff was re-examined by Dr. Darren Frank on May 30, 2018, exactly 1 year since he issued his initial report stating that Plaintiff was fit for duty, and again issued a Work Capabilities Report confirming that Plaintiff remained fit for full duty without restrictions. (Appx 303).

Respectfully submitted,

**PALMER BIEZUP & HENDERSON LLP**

By:   /s/ Frank P. DeGiulio
      Frank P. DeGiulio (ID 41577)
      Charles P. Neely (ID 69981)
      190 N. Independence Mall West
      Suite 401
      Philadelphia, PA 19106
      (215) 625 9900

      Attorneys for Defendant
      Great Lakes Dredge and
      Dock Co, LLC

Dated: August 20, 2018