UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LESLIE MCDERMOTT** : | |
| : | CIVIL ACTION |
| vs.  : | |
| : | NO.  17-cv-4511 (MAK) |
| **GREAT LAKES DREDGE AND DOCK CO.**  : | |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON SEAMAN STATUS, UNSEAWORTHINESS, AND JONES ACT NEGLIGENCE**

Plaintiff Leslie McDermott hereby moves for Summary Judgment pursuant to Fed. R. Civ. P. 56, for all of the reasons set forth in the following paragraph, and accompanying Brief.  A separate Statement of Material, Undisputed Facts, and Appendix are filed simultaneously herewith.

The issue is that the defendant has admitted that they have knowledge that the winch aboard defendant's Barge 1003 was not fit for its intended purpose.  They have known this since it commissioning in 2014 and were aware that the tankerman working on that vessel were manhandling heavy fuel hoses.  Defendant also admitted the fact that the winch was not working and was likely to cause injury.

Defendant's site manager and safety manager have admitted that they didn't follow the ISM Code that required them to adhere to their Safety Management System, which in turn required them to eliminate the defective winch and boom under 33 CFR 96.230.  It also required them to perform a full blown post-incident investigation with root-cause and multi-causation analysis.  They've admitted they've done neither.  Defendant's safety manager has admitted that had he known, he would've assigned additional manpower, but was not informed of the safety issues concerning the winch.

Under the Jones Act, defendant is required to provide its workers with a reasonable safe place to work, with adequate tools, equipment, training and instruction. The testimony is that the

plaintiff was given none of this.  Mr. Smith, a 30(b)(6) witness admitted that the winch was not fit for the purpose for which it was intended, as did plaintiff's co-worker Josh Harris.

According, Plaintiff desires a finding by this Court that negligence, and unseaworthiness be established.  The issue of causation is properly a jury question.  Plaintiff Leslie McDermott urges this Court to Grant his Motion for Partial Summary Judgment as to Seaman Status, Unseaworthiness, and Jones Act Negligence.

Dated: August 20, 2018

Respectfully submitted,

*/s/ S. Reed Morgan*
ATTORNEY

THE CARLSON LAW FIRM
Texas State Bar No: 14452300
100 E. Central Texas Expy
Killeen, TX 76541
Telephone: (800) 359-5690
Facsimile: (254) 526-8204

E-Mail: rmorgan@carlsonattorneys.com

*/s/ Gregory G. Paul*
Gregory G. Paul
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
Telephone: (412) 259-8375
Facsimile: (888) 822-9421
Email: gregpaul@morgan-paul.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of August, 2018, a true and correct copy of the foregoing was served on the below listed counsel via electronic filing:

Palmer Biezup & Henderson LLP
Charles Neely

Frank DeGuilio
190 N. Independence Mall West
Suite 401
Philadelphia, Pennsylvania 19106

Attorneys for Defendant
Great Lakes Dredge and Dock Co., LLC

                                                          /s/ *S. Reed Morgan*
                                                          S. Reed Morgan