IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE MCDERMOTT | : | CIVIL ACTION |
| v. | : | |
| | : | NO.  17-4511 |
| GREAT LAKES DREDGE AND DOCK | : | |
| COMPANY | : | |

### PLAINTIFF'S SUPPLEMENTAL RULE 26(a)(1) INITIAL DISCLOSURES

Pursuant to Fed. R. Civ. P. 26(a), Plaintiff Leslie McDermott hereby serves these Initial Disclosures to Defendant. Appendix A to these disclosures identifies those individuals who may have discoverable information relevant to disputed facts alleged with particularity in the pleadings. Appendix B to these disclosures describes the documents, data compilations, and tangible things held by Plaintiff that may be relevant to disputed facts alleged with particularity in the pleadings. Appendix C to these disclosures documents a preliminary calculation of fiscal losses to Plaintiff, past and future, as best determined at this time from available data, with respect to the particularity in the pleadings.

DATED:	September 11, 2018

COUNSEL FOR PLAINTIFF
LESLIE MCDERMOTT

*/s/ S. Reed Morgan*
S. Reed Morgan, Esq.
Texas Bar No. 14452300 THE CARLSON
LAW FIRM 100 E. Central Texas
Expressway Killeen, Texas 76541
Telephone: (800) 359-5690 Facsimile: (254)
526-8204 Email:
rmorgan@carlsonattorneys.com
*Pro Hac Vice* for PLAINTIFF

/s/ *Gregory G. Paul*
Gregory G. Paul
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
Telephone: (412) 259-8375
Facsimile: (888) 822-9421
Email: gregpaul@morgan-paul.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 11th day of September, 2018, a true and correct copy of the foregoing was served on the below listed counsel via electronic filing:

Palmer Biezup & Henderson LLP
Charles Neely
Frank DeGuilio
190 N. Independence Mall West
Suite 401
Philadelphia, Pennsylvania 19106

Attorneys for Defendant
Great Lakes Dredge and Dock Co., LLC

/s/ *S. Reed Morgan*
S. Reed Morgan

# APPENDIX A

A. **(i)Individuals who may have discoverable information relevant to disputed facts alleged with particularity in the pleadings.**

Following is a list of individuals who may have discoverable information relevant to disputed facts alleged with particularity in the pleadings.

1) Leslie McDermott – Knowledge of the loss of wages and earnings in the past and loss earning capacity, the facts of the injury and what caused it, the pain and suffering and mental anguish he has suffered; and, the unseaworthy nature of the barge and its appurtenances, the need for a functioning hoist, the insufficient crew for the job, being wrongfully terminated, and the lack of safety and supervision on the job in question.

    Current contact data: Phone No. 646-641-3590

2) Mrs. McDermott – she may testify to her husband's pecuniary losses and his pain and mental suffering.

3) Dennis Milford –Address: 1852 Tommy Sanders Rd, Stantonville, Tn., 38379. Phone – 731 646 0479, a tanker man C/O H. and L Contractors. Knowledge of the loss of physical function to Leslie McDermott's injured knee during course of seaman duties on barge. Worked with plaintiff on dredge barges. Observed problems with knee, i.e. that it was hard for him to climb steps, to kneel, sensitive knee for getting down to do work on deck. Worked for GLDD and he may testify to the manner he observed men pulling hoses to move them from barge to dredge and how it was done. Worked as engineer for GLDD.

4) Terry Polly – a GLDD- AB/ tanker man. Working at Great Lakes Dredge and Dock, knowledge of equipment and malfunction.

5) Richard Smith – Man in charge of Mechanical Equipment and Repaid of same; knowledge of the need for new hoist on subject barge.

6) Steve Bhie – Safety man for GLDD, knowledge of lifting capacity riles for seaman, need for safe working hoists to move heavy equipment. Knowledge of Maritime law requiring seaworthy equipment.

7) Darren Frank, MD – surgeon that operated on Mr. McDermott's involved knee. Knowledge of injury history, diagnosis, causation, prognosis, permanent partial loss of function, surgical findings, past, present and future need for medical care, pain and misery from the components of the knee that are injured. Deposition taken.

    Current contact data: 307 Federal, Suite 2, Pittsburg, PA 412-359-3895

8) Josh Harris – Mr. Harris is a seaman that was working with Plaintiff at the time of injury. He has knowledge of the poor condition, defectiveness, inability to lift objects in any useful fashion of the hoist on board the barge, the weight of the involved hoses being moved, the 6"flange, the work ethic of the Plaintiff, the stresses that the company's job placed on the two men, and what Plaintiff told him occurred to cause the injury, the JSA, and other matters in deposition.

   Current contact data: Phone No. 757-705-6028

9) Corporate designee Richard Smith who covered topics of: 1) hoist maintenance records, 2) the need for hoist replacement and why, complaints the hoist was not working correctly before the injury, admission that it was defective and not fit for the purpose for which it was intended, 5) type of and cost of hoist replacement after Mr. McDermott's injury, facts surrounding how long the hoist did not work properly, his recommendations for its replacement and use on all barges, and fact men had good reasons not to use the hoist. Smith admitted overstress injuries were likely without the hoist, including back, knee and shoulder injuries.

By deposition or in person

10) Chris Wire - care of GLDD. May testify to all topics address in deposition, particularly on failure to investigate incident, document what was root cause and multi cause, and addressing fact of relevance of and applicability of OSHA Regulation 1926 subpart "H," applies to the GLDD Barge 1003, applies to the involved crane, and that GLDD should have removed this crane from service. Admitted OSHA violation. Admitted that ISM code applied to the case, and that GLDD failed to follow the code and its own internal SMS rules on investigation, root cause and multi-cause determination.

11) Jason Campbell – Director of Safety may testify to any and all topics in deposition care of GLDD. Admitted that Smith was negligent and that company would have provided better equipment and manpower if run correctly, especially vis a vis supplying proper safety to move hoses.

12) Cameron Whitmore - Site Manager of GLDD may testify to any and all topics in deposition care of GLDD.

13) William Bauman - may testify to any and all topics in deposition care of GLDD.

14) Steven Becker - may testify to any and all topics in deposition care of GLDD.

15) Experts listed by plaintiff to testify regarding contents of and related topics addressed in their reports. Ken Blundell and Mitch Stoller. Addresses and phone no's in reports.

16) Expert Andrew Verzilli listed by plaintiff to testify regarding contents of and related topics addressed in his reports. Address and phone number in reports.

## APPENDIX B

A.  **(ii) Description of documents that may be relevant to disputed facts alleged with particularity in the pleadings.**

   1) Tax returns of the Plaintiff for the past (5) years;

   2) Plaintiff's post-injury earnings records;

   3) Social security earnings history of the Plaintiff;

   4) Brochure of the type of hose in use, its weight, its characteristics;

   5) Brochure on the type of hoist that was installed after Plaintiff became injured on the subject barge.

   6) Repair and replace records concerning the malfunctioning hoist on the subject barge at the time of Plaintiff's injury.

   7) Maintenance records for the involved hoist, with its parts manual, owner's manual, and maintenance recommendations.

   8) Photos of the involved barge deck and surface.

   9) Barge deck maintenance and painting records.

   10) The manufacturer's hose handling and usage manual.

   11) Defendant's Maritime Safety Manual;

   12) Defendant's ISO compliance documents;

   13) Plaintiff's personnel file;

   14) Plaintiff's wage records for work for Defendant;

   15) Plaintiff s training records;

   16) Defendant's injury report concerning the incident in question;

   17) Any statements taken from the Plaintiff by Defendant or its agents;

   18) The US CG 2692 reports.

   19) Statements of any witnesses to the incident in question.

20) Training records relative to proper usage of the hoist and movement of the involved fuel hose.

21) Records of the number of persons terminated by Defendant within the past 5 years contemporaneous with personal injury on the job;

22) Photographs, to be taken, of the barge and the equipment involved in the incident the subject of this matter, including the old worn out hoist and new hoist;

23) Minutes of any and all safety meetings held on the subject barge, or relating to it, for the five years prior to and through the day of injury;

24) All relevant medical records and billing records of Plaintiff's treatment for the knee injury and surgical treatment and therapy, test results, MRI films and x-rays.

25) Records of the purchase order, operator's manual, and capacity of the hoist that replaced the defective one on Fuel Barge 1003.

26) Blue line drawings and schematics showing the lay-out of the barge.

27) Photographs to be taken of the barge and the equipment, including the old worn out hoist and new hoist.

28) The owner/operator manual for the hose involved in Plaintiff's incident.

29) Technical manual showing the weight of the involved hose.

30) All pertinent indemnity and/or P and I policies covering this claim.

31) Notes and records the Defendant has concerning prior complaints that the involved hoist was in need of replacement or repair.

32) Past and present medical expenses and billing.

33) Records to show the value of the fringe benefit plan that Plaintiff has lost.

34) Affidavits of Ben Spence, Ted Cole and John Barbarise that were disclosed

35) Richard Smith's Authorization for Capital Expenditure ("AFCE" GLDD 912).

36) The manual for the Nabrico crane. (GLDD 000879-896.)

37) The videotape filmed by Richard Smith of the operation of the crane. (GLDD 1010)

38) Great Lakes SMS Section 8.2.

39) The SMS section referencing the necessity of the corrective action reports. (Campbell-12).

40) Photographs taken of the deck of Barge 1003, including but not limited to GLDD 913-943, 944-954, 2302-2312, and those contained within the expert report of Richard Dinapoli.

41) Any documents that are exhibits to any deposition taken in this case, including:

>Deposition of Leslie McDermott, May 10, 2018, Exhibits 1-12;
>Deposition of Richard Smith, May 10, 2018, Exhibits 1-8;
>
>Deposition of Jason Campbell, May 23, 2018, Exhibits 1-14;
>
>Deposition of Josh Harris, May 30, 2018, Exhibits 1-5;
>
>Deposition of Bill Bauman, July 12, 2018, Exhibits 1-2;
>
>Deposition of Cameron Whitmore, July 13, 2018,  Exhibit 1;
>
>Deposition of Dr. Darren Frank Exhibits, July 18, 2018, Exhibits 1-11;
>
>Deposition of Terry Polly, July 24, 2018, Exhibits 1-7;
>
>Deposition of Chris Wire, August 29, 2018, Exhibits 1-9;

42)     Great Lakes SMS documents pertaining to accident investigation. See GLDD 960-977.

## APPENDIX C

**B.  (iii) Preliminary computation of damages to Plaintiff.**

1) Plaintiff was earning $125,000 dollars per year prior to Plaintiff's injury and had health insurance worth another $24,000 per year, for a combined package worth $150,000 per year before taxes.

2) Post injury Plaintiff's earning capacity is $35,000. To this date, he has lost over $100,000 since his injury on or about October 29, 2016.

3) Plaintiff is 55 years old, he was born on October 24, 1962, and has a W.L. Expectancy of 12 years.

4) His diminution in earning capacity is $115,000 pre tax, with a gross loss of earnings of $1.38 million dollars, and after tax losses of between 70% and 75% of that amount, or 1.0 million dollars.

5) Plaintiff has sustained a tear to his lateral and medial meniscus, causing permanent loss of physical function, evaluated at $300,000.

6) Past, present, and future pain and suffering and mental anguish is worth $100,000 in the past and $250,000 for the future.

7) Past medical expenses are estimated to be $20,000. This figure is a reasonable estimate of the past cost of surgery and rehabilitation expense.

8) Future medical expenses are estimated to be $100,000. This figure is based on the anticipated need for physical therapy and medication that will cost, on average, $1,500 per year for the next 20 years, and $70,000 to cover doctor and hospital costs of a total knee replacement.