IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE MCDERMOTT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| GREAT LAKES DREDGE AND DOCK COMPANY, | : | No. 17-4511 |
| | : | |
| | : | |

Defendant.

**PLAINTIFF'S MOTIONS *IN LIMINE***

AND NOW comes Plaintiff Leslie McDermott who moves the court for an order directed to all counsel and all parties and witnesses that excludes and prohibits the following identified subjects from being conveyed in any manner to the jury, whether by statement, arguments of counsel, *voir dire*, questions to witnesses, or by presentations of testimony or any other evidence, or otherwise.

1.   *DATE WHICH PLAINTIFF FIRST HIRED AN ATTORNEY*

The time or circumstance under which the Plaintiff employed an attorney who has ever represer him in connection with these matters, and any conversations or transactions between said attorn and Plaintiff is not relevant.

GRANTED _____        DENIED _____

///

///

///

**2.    *PRIOR AND/OR SUBSEQUENT INJURIES, ILLNESSES OR ACCIDENTS***

Any previous injuries, illnesses or accidents allegedly suffered by Plaintiff other than on October 29, 2016, including but not limited to injury to Plaintiff's finger, as any would be irrelevant. Plaintiff requests that before attempting to introduce into evidence and/or refer to any such alleged evidence, that the defense first make an offer of proof outside the presence of the jury that; (a) such evidence is relevant in this case; and (b) that the relevance of such alleged evidence is not outweighed by the prejudicial effect. Fed. R. Civ. P. 401, 402, and 403.

GRANTED _____        DENIED _____

**3.    *ADMISSIBILITY OF PHOTOGRAPHS, VIDEOS ETC. DETERMINED OUTSIDE JURY PRESENCE***

That should the Defendant wish to introduce any photographs, videotaped productions, or motion picture film into evidence, the same be tendered to court and opposing counsel, outside the presence of the jury, and shown or exhibited to determine its relevance and suitability for introduction into evidence by Defendant. Fed. R. Civ. P. 403.

GRANTED _____        DENIED _____

**4.    *PRIOR CLAIMS AND/OR LAWSUITS INVOLVING PLAINTIFF***

Whether or not Plaintiff has ever made prior claims for money for injuries of any nature, or whether or not said claims resulted in settlement or lawsuits being filed or tried. Note: This motion goes beyond the previous motion *in limine* regarding any actual or alleged injuries of Plaintiff. In the event the court should find that such injuries should be admitted into evidence, then any evidence as to whether any claim or suit arose from such injury should be excluded as such evidence would have no relevance, or, alternatively,

any possible relevance would be substantially outweighed by the prejudicial effect. Fed. R. Civ. P. 403.

GRANTED _____         DENIED _____

5.   **SUPERSEDED PLEADINGS**

The contents of any pleadings or discovery responses that have been superseded by the current pleadings and discovery responses on file in this case, including but not limited to the original complaint herein. Fed. R. Civ. P. 401, 403. *West Run Student Housing Associates LLC v. Huntington Nat. Bank*, 712 F. 3d 165, 172 (3rd Cir 2013).

"[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect." *Crysen/Montenay Energy Co. v. Shell Oil Co.* (*In re Crysen/Montenay Energy Co.*), 226 F.3d 160, 162 (2d Cir.2000); see also 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies.... Once an amended pleading is interposed, the original pleading no longer performs any function in the case....").

GRANTED _____         DENIED _____

6.   **LISTED WITNESSES ONLY**

Any attempt before the jury by Defendant or Defendant's counsel to call as a witness, either directly or through records, any person or entity not properly and timely identified in Defendant's responses to the court's requirements or Plaintiff's requests for disclosure. Fed. R. Civ. 26.

GRANTED _____         DENIED _____

///

///

7.  ***COLLATERAL SOURCE(S) OF BENEFITS***

That Plaintiff has received, has been entitled to receive, will receive, or will become entitled to receive benefits of any kind or character from a collateral source, including but not limited to such collateral source benefits as the following:

> a) Benefits from collateral insurance coverage, including home owners insurance, automobile insurance (PIP, UM/UIM, collision coverage, etc.), and health insurance.
>
> b) Social Security and Pensions.
>
> c) Compensation for time not actually worked, including sick leave and vacation time.
>
> d) Services furnished without charge.
>
> e) Worker's Compensation.
>
> f) Medicare or Medicaid benefits.
>
> g) Benefits under private group insurance policy.
>
> h) Benefits under insurance policies generally.
>
> i) Benefits from voluntary contribution by the employer of Plaintiffs.
>
> j) Benefits from sick leave and/or vacation.
>
> k) Benefits from the Federal Government, including Railroad Retirement Board sickness benefits, Railroad Retirement Board disability annuity and/or retirement benefits, and Social Security Medicare insurance.
>
> l) Benefits from pensions
>
> m) Medical Charities.

*Eichel v. New York Central Railroad,* 375 U.S. 253 (1963); *Maxfield v. Sinclair Intern.*,

766 F. 2d 788 (3rd Cir 1985).

GRANTED _____       DENIED _____

**8.    *OTHER ACTS***

That there have been no other injuries to employees, or no other employees have claimed an injury and reported it to the Defendant, related to handling fuel hoses on Defendant's barges, including any reference to or question elicited from witnesses to the effect that they have never complained about an injury related to handling fuel hoses on Defendant's barges or made a claim that their job has caused injury. Fed. R. Evid. 401, 402, and 403.

GRANTED _____       DENIED _____

**9.    INCOMPETENT TESTIMONY OF MARVIN GALLARDO AND TERRY POLLY**

Any testimony of, or reference to testimony of, Defendant's witnesses Marvin Gallardo and Terry Polly to the size and/or fittings of the fuel hose being handled by Plaintiff on the day he was injured, including any such testimony or references by Gallardo to his company's alleged policies or practices. Neither Gallardo nor Polly were present on the day that Plaintiff was injured and are not competent to testify per Fed. R. Evid. 602. Allowing either to testify about his alleged general knowledge or understanding would allow Defendant to confuse the jury, and the prejudicial nature of the testimony would outweigh any value it might have. Fed. R. Evid. 403.

Polly's testimony was taken by deposition on July 24, 2018. On the following pages and lines of that testimony, Defendant elicited descriptions of what he generally does handling fuel lines at various docks and his general guess as to the frequency of his handling variously sized fuel hoses and their attaching devices, and the length and weight of the hoses about which he was asked by Defendant's counsel:  29:21-31:10; 32:13-24;

34:9-12.  He guesses that "over half" of the time he uses the fuel hose belonging to the dock where he is working, leaving about another 50% of the time that one of the barge's hoses is used. 30:21-25 to 31:1-3.  He testifies that the 3-inch hose with the 6-inch flange "might have been used." 31:10-14. At no time does he testify to direct knowledge of the hose by Plaintiff on the day that he was injured because he was not aboard BARGE 1003 that day, nor does he testify to any other competent knowledge of the fuel hose handled that day. His testimony is incompetent, irrelevant, and prejudicial. Fed. R. Evid. 401, 403, 602.

      Gallardo is not a competent witness. He is not one of his company's dock workers or dock supervisors. He has no personal knowledge of the fuel hose used, has never handled a fuel hose himself, and has never been personally involved in handling fuel hoses, does not know if he was at work on the day in question, and, even if he was, his office is 300 yards away from the dock. "* * * [T]he rule requiring that a witness who testifies to a fact which can be perceived by the senses must have had an opportunity to observe, and must have actually observed the fact" is a "most pervasive manifestation" of the common law insistence upon "the most reliable sources of information." *Notes of Advisory Committee on Proposed Rules*, quoting McCormick.

Moreover, Plaintiff re-urges as grounds for this motion *in limine* that Gallardo's testimony should be excluded because by offering it Defendant violates Fed. R. Civ. P. 26(c)(1) and 45(d)(3)(A)(iii-iv). Plaintiff incorporates the points and authorities he submitted in his Memorandum in Support of Plaintiff's Motion to Quash Deposition of Marvin Gallardo, Doc. No. 43 In summary, Defendant and its attorneys waited until over a month after discovery was closed on August 3, 2018, to identify Gallardo for the first

time in blatant disregard of Fed. R. Civ. P. 26, the testimony of Defendant's corporate designees in their Rule 30(b)(6) depositions, and the court's scheduling order dated May 25, 2018, Doc. No. 16.  That Defendant should not be allowed to play chicken with Fed. R. Civ. P. 30(b)(6), see, e.g. *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 432-434, (5th Cir. 2006).

GRANTED _____     DENIED _____

10.   ***ASSUMPTION OF RISK AND CONTRIBUTORY NEGLIGENCE UNDER FELA AND THE JONES ACT***

Plaintiff expects that Defendant will argue that Plaintiff should have refused to handle heavy fuel hoses on the barge on which he was working without a working davit, or, alternatively, the davit that was aboard the barge was available to him. Defendant will attempt to import this argument as either contributory negligence or under the "empowerment rule." The latter is addressed in Plaintiff's next motion *in limine.* These defense arguments are attempts to blur or gloss over the difference between assumption of the risk and contributory negligence in Federal Employees Liability Act (FELA) and Jones Act actions. Assumption of the risk is an impermissible defense under the FELA 45 U.S.C. § 54; *Tiller v. Atlantic Coastline RR.* Co., 318 U.S. 54, 63 S.Ct. 444 (1943). Thus, plaintiff's right to recover damages is not affected if his conduct is found to have constituted an assumption of the risk. *Koskorek v. Pennsylvania RR. Co.,* 318 F.2d 364, 367 (3rd Cir. 1963), reh'g denied (1963). The Jones Act expressly incorporated the FELA, and thus judicial principles developed under the FELA are also applicable to the Jones Act. See, e. g*., Kernan v. American Dredging Co*., 355 U.S. 426, 78 S.Ct. 394, 2 L.Ed.2d 382 (1958); *Cox v. Dravo Corporation*, 517 F. 2d 620, n.2 (3rd Cir 1975.

.
On the other hand, contributory negligence is applicable under limited circumstances in FELA and Jones Act actions. Section 3 of FELA (made applicable to seaman by the Jones ACT) provides that "the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee." 45 U.S.C. § 53. Thus, an employee's contributory negligence does not bar recovery, but merely reduces a jury's award by an amount in proportion to the negligence apportioned to the employee. *Jamison v. Encarnacion,* 50 S.Ct. 440, 442 (1930); *Taylor v. Burlington Northern RR. Co.,* 787 F.2d 1309, 1314 (9th Cir. 1986).

The problem arises in FELA/Jones Act actions when a defendant railroad attempts to introduce evidence of assumption of the risk masquerading as contributory negligence. The Supreme Court recognized this danger in one of its first cases interpreting the 1939 amendment to the Act. *See Tiller,* supra. In the present case, this court will need to carefully scrutinize the facts to make certain evidence of assumption of risk is not argued, or presented, as contributory negligence. For the reasons articulated below, Plaintiff's conduct, if any fault could be attributed to him at all, might have amounted to an assumption of the risk and there is no credible evidence supporting a claim for contributory negligence.

    a.    ***Distinguishing assumption of risk from contributory negligence***

The United States Supreme Court has long recognized the importance of distinguishing the concepts of assumption of risk from contributory negligence in these actions. *Pryor v. Williams,* 254 U.S. 43 (1920). *Tiller v. Atlantic Coastline,* supra. The defenses are not interchangeable and the distinction is critical since one, but not the other, reduces

plaintiff's recovery. *Owens v. Union Pacific RR. Co.,* 319 U.S. 715, 724 (1943). The Ninth Circuit succinctly captured the distinction between assumption of the risk and contributory negligence:

> At common law an employee's voluntary, knowledgeable acceptance of a dangerous condition that is necessary for him to perform his duties constitutes an assumption of risk. See Prosser and Keeton on the Law of Torts Sec. 68, at 480-81 (W.P. Keeton, 5th ed., 1984). Contributory negligence, in contrast, is a careless act or omission on the plaintiff's part tending to add new dangers to conditions that the employer negligently created or permitted to exist. *See, Id.* Sec. 65, at 451-452. Defenses once embraced substantially within the concept of assumption of risk are barred under the FELA and may not be revived in the form of contributory negligence. Where an act of alleged contributory negligence is but the practical counter part of assumption of risk, it does not constitute a defense. *Tiller,* 318 U.S. at 58, 63 S.Ct. at 446 ... The employee who enters the workplace for a routine assignment in compliance with the orders and directions of his employer or its supervising agents, who by such entry incurs risks not extraordinary in scope, is not contributorily negligent, but rather is engaging in an assumption of risk.

*Taylor v. Burlington Northern RR. Co.,* 787 F.2d 1309, 1316 (9th Cir., 1986). Thus, the key in determining whether there is an assumption of the risk or contributory negligence on the part of a railroad employee is to analyze whether that employee was merely complying with his employer's orders and directions when performing his assigned job without adding any additional risk or danger.

An Eighth Circuit case is especially instructive on the type of evidence that is insufficient to support a contributory negligence defense. In *Wilson v. Burlington Northern, Inc.,* 670 F.2d 780 (8th Cir., 1982), cert. denied, 457 U.S. 1120 (1982), the plaintiff brought a FELA action when he was injured assisting three co-workers in placing a pan under a hopper car. *Id.,* at 781. The plaintiff suffered a second injury when he stood up after being on his hands and knees hammering a chute into alignment on a railcar. *Id.,* at 781-

82. The issue of contributory negligence was submitted to the jury, and the jury returned a general verdict against the plaintiff. *Id.,* at 782.

On appeal, the plaintiff successfully argued that the trial court erred in submitting the issue of contributory negligence to the jury. *Id.* The railroad contested the plaintiff's argument by asserting that the issue of contributory negligence was properly submitted to the jury, relying on evidence: (1) that a jack was available for installing the pan, and the plaintiff simply chose not to use it; (2) that the plaintiff could have asked for additional help to carry the pan if he believed it to be dangerous; and (3) as to the second injury, that he failed to follow his doctor's orders and restrictions when he performed his assigned job. *Id.* at 782-83.

The Eighth Circuit rejected the railroad's argument by reasoning that the jack had not been used for over a year prior to the accident to install pans, and that the plaintiff and co-workers followed the procedure used by the defendant to install the pans manually. *Id.,* at 783 (emphasis added). The reviewing court also relied on the fact that the defendant's argument "simply [was] not consistent with the realities of the work place." The plaintiff was asked to assist in installing the pan, and "[a]s was the custom at the Burlington Northern, he complied with the request." *Id.*

The Eighth Circuit ultimately held that the trial court erred in submitting the issue of contributory negligence to the jury by stating:

> Under the circumstances present here, Wilson's decision to help carry the pan was not a matter of free choice nor was it in any way unreasonable. He was simply doing his job and assisting other employees in need of help as the railroad fully expected him to do.

*Id.*

Applying the *Taylor* test and the reasoning in *Birchem and Wilson* to the pending case, any argument of Defendant that Plaintiff's refusal to handle the fuel hose on his barge without a working davit was a cause of his injury clearly falls within the sphere of an assumption of the risk and outside the sphere of contributory negligence. Plaintiff performed his assigned job utilizing the procedures, orders and directions of the Defendant. He was simply doing his job as his employer fully expected him to do. He did nothing to add any new or additional dangers to his assigned job.

GRANTED _____    DENIED _____

11.   *ANY TESTIMONY REGARDING EMPOWERMENT RULE*

That Plaintiff had a right to refuse to perform the assigned work if he thought he was not properly equipped. In Jones Act and FELA litigation, this argument is known as the "Empowerment Rule." Defendant may also seek to elicit testimony that, if Plaintiff felt he needed help that his supervisors were not providing, he should have sought the intervention of his union representatives. This is impermissible under the FELA, and, thus, under the Jones Act.

Defendants in FELA cases may not use the doctrine of assumption of the risk as a defense. *See* 45 U.S.C. § 54 (West 2011). Although the FELA initially allowed use of the defense, "every vestige of the doctrine... was obliterated from the law by the 1939 amendment." *See Faushauer v. N.J Trans. Rail Op., Inc.,* 57 F.3d 1269, 1274 (3d Cir., 1995), quoting *Tiller v. Atlantic Coast Line R. Co.,* 318 U.S. 54, 57 (1943)).

When considering the admissibility of evidence in FELA/Jones Act actions, courts must distinguish between two similar doctrines: assumption of the risk and contributory

negligence. Although assumption of the risk is not available as a defense, contributory negligence is generally available. *See Fashauer,* 57 F.3d at 1275. The two doctrines have been distinguished in the following way:

> [A]n employee's voluntary, knowledgeable acceptance of a dangerous condition that is necessary for him to perform his duties constitutes an assumption of risk. Contributory negligence, in contrast, is a careless act or omission on the Plaintiff's part tending to add new dangers to conditions that the employer negligently created or permitted to exist. *Id.*

Thus, in this case, any argument that Plaintiff's injuries were his own fault due to his knowledgeable acceptance of a dangerous condition that was necessary for him to perform his duties should be barred as an improper assumption of the risk argument. Furthermore, any evidence that relates exclusively to such an argument should also be barred as irrelevant.

Any evidence that Plaintiff was "empowered" to refuse his work, including "Step Back for Safety" and "Time Out" policies, suggest that Plaintiff assumed the risk of completing his work tasks by failing to refuse to complete them. Since assumption of the risk defenses are unavailable in FELA and, thus, Jones Act, cases, the court should bar all evidence or argument that the Plaintiff could or should have refused to complete tasks at work.

Courts have rejected defenses similar to the Defendant's empowerment program defense. See *Birchem v. Burlington Northern R.R. Co.*, 812 F.2d 1047 (8th Cir., 1987), in which the defendant proffered jury instructions that would have allowed the jury to consider the testimony as evidence of the plaintiff's contributory negligence. *Id.,* at 1050. The trial court denied the proffered instructions, and the Eighth Circuit affirmed. *Id.* The court held that the injuries were caused by the plaintiff's compliance with routine assignments

by his employer, and any argument that the plaintiff was at fault for such compliance constituted an assumption of the risk argument. *Id.,* at 1049. the proffered instructions were improper. *Id.,* at 1049. The defendant's effort to characterize the evidence as contributory negligence was nothing more than an attempt to circumvent Congress's ban on the assumption of the risk defense. *Id*.

The Supreme Court has expressed the importance of closely scrutinizing contributory negligence arguments in FELA cases because, otherwise, the plaintiff's "rights will be sacrificed by simply charging him with assumption of the risk under a different name." *Tiller,* 318 U.S. at 58.

In this case, evidence of Defendant's "empowerment" program, or any other evidence that Plaintiff could or should have refused to complete his tasks if he felt they were unsafe, supports only an assumption of the risk defense, a defense that is unavailable under FELA and the Jones Act. Thus, such evidence should be barred, as it is not relevant to any issue in the case. Moreover, admitting evidence of the "empowerment" program would be prejudicial to the Plaintiff because it might confuse the jury by suggesting that the Plaintiff had a responsibility to refuse to perform unsafe work, which he clearly does not.

GRANTED _____    DENIED _____

**12.  *ANY TESTIMONY OR ARGUMENT THAT PLAINTIFF FAILED TO BE ALERT OR ATTENTIVE TO HIS WORK OR WAS NEGLIGENT***

Any testimony or argument that plaintiff failed to be alert or attentive to his work or was negligent, including but not limited to the testimony of the Defendant's corporate

designee, Richard Smith, who was deposed on May 10, 2018, at page 102, line 10, to page 103, line 13, that he admonished Plaintiff and his two co-workers concerning sloppy painting and a condition of disarray of BARGE 1003. Smith testified that he filed no report with Defendant, that the barge was subsequently cleaned up, and he did not determine how the paint splashing and disarray came about.  Defendant would use this unsubstantiated testimony to belittle Plaintiff in the eyes of the jury creating more prejudice than the dubious relevance, if any at all, to Plaintiff's handling the fuel hose that injured him. Fed. R. Evid. 401, 403.

GRANTED _____        DENIED _____

**13.    *ANY TESTIMONY OR ARGUMENT THAT PLAINTIFF MAY HAVE COMMITTED THEFT***

Any testimony or argument that Plaintiff may have committed theft of microwaves or other items from BARGE 1003, or that he may have committed "time theft" by putting in hours and not doing any work, including but not limited to the testimony of Cameron Roger Whitmore taken by deposition on July 13, 2018, that related rumors that Plaintiff and his co-worker were engaged in such activities.  Whitmore testified that he gave no credence to the source of the rumors because he believed that the source was lying to deflect attention from himself. Rumors are not competent testimony and are inadmissible hearsay that must not be admitted, particularly when there is no basis for giving them credit. Fed. R. Evid. 602, 802.

GRANTED _____        DENIED _____

///

14. **ANY TESTIMONY OR REFERENCE TO STATEMENTS THAT PLAINTIFF AND HIS CO-WORKERS QUARRELED**

Any and all testimony, including but not limited to the deposition testimony of Terry Polly taken July 24, 2018, page 56 repeating hearsay from his union hall representative, Scott Reeves, that the Plaintiff his co-worker, Josh Harris quarreled about working with Polly and complained to the union about him. The referenced testimony is obvious hearsay, and testimony from Polly about his failure to work well with his co-workers is irrelevant, or if relevant, its prejudice outweighs any probative value. Defendant would proffer this testimony to belittle Plaintiff before the jury. Fed. R. Evid. 403, 802.

GRANTED _____       DENIED _____

15. **ANY TESTIMONY OR REFERENCE TO STATEMENTS THAT PLAINTIFF WAS LAID OFF DUE TO LACK OF AVAILABLE WORK**

Any testimony or reference to statements, including but not limited to that imply that Plaintiff has not worked for Defendant since the date of his injury because he was laid off as opposed to unable to perform his duties due to his injury. Defendant has produced no documentation to support such a contention, and such testimony is purely speculation offered by Defendant for the purpose of confusing the jury. Fed. R. Evid. 403, 602.

GRANTED _____       DENIED _____

16. **ANY SPECULATIVE TESTIMONY REGARDING CAUSATION OF THIS INCIDENT**

Any speculative testimony about the cause of Plaintiff's injuries should be barred from introduction at trial. Testimony regarding causation therefore must be introduced through an expert witness. Any witness that does not possess the necessary scientific background

and whose opinion is not based on reliable scientific methods should be barred from testifying regarding causation of Plaintiff's injury. Fed. R. Evid. 401, 402, 403, 702, 703.

GRANTED _____     DENIED _____

**17.   *ABSENT WITNESSES***

No reference should be made to the jury about the probable testimony of a witness who is absent, unavailable or not called to testify in this cause, nor should any reference be made to Plaintiff's not calling live at trial, or by deposition, any person who is not being called. Fed. R. Evid. 401, 402, 403.

GRANTED _____     DENIED _____

**18.   *ANY SUGGESTION THAT PLAINTIFF FAILED TO PRODUCE DOCUMENTS***

No suggestion should be made that Plaintiff has failed or refused to produce requested documents. Any such reference is inherently prejudicial as it could suggest or imply that Plaintiff has acted improperly by seeking to prohibit production of certain documents. Fed. R. Evid, 401, 402, 403.

GRANTED _____     DENIED _____

**19.   *PRIOR RULINGS***

That no mention be made of any action taken by the Court in ruling upon any matter prior to the actual trial of this cause, including but not limited to mention of motions made or rulings made thereon concerning discovery disputes, or that the pleadings or other matters filed by the Plaintiff herein were in a particular form or of a particular nature.

**I.**

Plaintiff respectfully requests that a ruling be made on any objections made by either party during the taking of depositions in this case before any proceedings are made before the jury.

**II.**

Further, Plaintiff requests that if opposing counsel proposes a theory of admissibility concerning the matters set forth above, that the court order that opposing counsel must first request a ruling from the court outside the presence and hearing of all prospective jurors and jurors ultimately selected in this cause.

**III.**

Further, Plaintiff requests that the Court require counsel for Defendant inform each and every witness called by such counsel prior to calling such witness and out of the presence and hearing of the jury, of the court's ruling on each of the above matters and that such witness be informed of the matters of which he/she is not allowed to mention and/or testify pursuant to the Court's ruling on this motion.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request this Court to grant its Motion *in limine* as to all paragraphs set forth above.

Respectfully submitted,

*/s/ S. Reed Morgan*
ATTORNEY

THE CARLSON LAW FIRM
Texas State Bar No: 14452300

        100 E. Central Texas Expy
        Killeen, TX 76541
        Telephone: (800) 359-5690
        Facsimile: (254) 526-8204
        E-Mail:
        rmorgan@carlsonattorneys.com

        */s/ Gregory G. Paul*
        Gregory G. Paul
        100 First Avenue, Suite 1010
        Pittsburgh, PA 15222
        Telephone: (412) 259-8375
        Facsimile: (888) 822-9421
        Email: gregpaul@morgan-paul.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 21st day of September, 2018, a true and correct copy of the foregoing was served on the below listed counsel via electronic filing:

Palmer Biezup & Henderson LLP
Charles Neely
Frank DeGuilio
190 N. Independence Mall West
Suite 401
Philadelphia, Pennsylvania 19106

Attorneys for Defendant
Great Lakes Dredge and Dock Co., LLC

        */s/ S. Reed Morgan*
        S. Reed Morgan